UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**RADIOLOGY AND IMAGING SPECIALISTS
OF LAKELAND, P.A.**,

Case No.:   1:20-CV-04117
(AKH/SDA)

Plaintiff,

v.

**FUJIFILM MEDICAL SYSTEMS, U.S.A., INC.**,
Defendant.

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

It appearing that the above-captioned action is likely to involve the disclosure of information deemed confidential by one or more of the parties, and the parties having stipulated to the entry of a Confidentiality Protective Order pursuant to Federal Rule of Civil Procedure 26, and it appearing to the Court that such an Order is necessary and appropriate and will facilitate discovery, it is ORDERED as follows:

1.      This Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts, or summaries of the foregoing.

2.      "Confidential Information" shall mean any trade secret, proprietary business information, or other confidential research, development, personal patient or customer information, or commercial information entitled to protection as now or hereafter interpreted by the Courts, attorney work product, and any other confidential information entitled to similar

protection under any other law or rule that hereafter becomes applicable to this action. "Confidential Information" also shall mean any information of a particularly sensitive nature, including, but not limited to, personnel records, medical information, social security numbers, financial information, pay and benefits information, and/or any other information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices, and which the producing party designates as Confidential Discovery Material in accordance with Paragraph 4 below.  Nothing within this definition shall be a waiver of either party's attorney work product privilege or attorney-client privilege.

3.      "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

4.      Any party or non-party may designate ("Designating Party") any Discovery Materials as Confidential Discovery Material in the following manner:

a.      Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts, or summaries of any of the foregoing, may be designated Confidential Discovery Material either by:  (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

b.      With respect to depositions or other pre-trial testimony:  either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all

other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript.  Only those portions of each transcript designated as "Confidential" in this action shall be deemed "Confidential" material.  All transcripts of depositions or other pre-trial testimony shall be deemed to be "Confidential" until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter;

   c. To the extent that matter stored or recorded in form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party and Parties may designate such material as "Confidential" material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter; and

   d. Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation.  The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

   5. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action and under no circumstances, other than those specifically provided for in

this Stipulation and Order or in any subsequent order of the Court, shall the same be disclosed to persons other than the following:

        a.     the Court;

        b.     attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

        c.     parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

        d.     persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of any party, but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

        e.     witnesses or any other person for case related purposes, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A.

        6.     Confidential Discovery Material shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any

such copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

7.     This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

8.     In the event additional persons become parties to this action, they shall not have access to Confidential Discovery Material produced by or obtained from any other producing party.

9.     Nothing contained in this Stipulation and Order, nor any action taken in compliance with it, shall operate as an admission by any producing party that any particular document or information is or is not confidential.  Nothing in this Stipulation and Order shall operate as an admission by any party that any particular document is or is not admissible at the trial of this action.

10.     The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 4 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

11.     If a party concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion.  Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality.  If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material under this Order until such time as the Court has ruled on the Designating

Party's immediate motion for a protective order.

12.     Nothing in this Stipulation and Order shall prevent any person from making use of any material that is designated Confidential Discovery Material pursuant to this Stipulation and Order if such material:

        a.     was or becomes available to the public through no fault of the receiving party;

        b.     was or is obtained from a source not under an obligation of secrecy to the producing party;

        c.     is exempted from the operation of this Stipulation and Order by written consent of the producing party; or

        d.     is legally compelled to be disclosed pursuant to any applicable law, regulation, or order of a court of competent jurisdiction.

If any person disputes or challenges the designation of any material as Confidential Discovery Material, based on any grounds specified in subparagraphs 12(a) through 12(c) above, such material shall nevertheless be treated as Confidential Discovery Material in accordance with the provisions of this Stipulation and Order until such designation is removed by order of the Court or by written consent of the producing party.

13.     If a party wishes to file a document with the Court containing information which has been designated by the other party as Confidential Information, the concerned parties shall confer in good faith in order to determine whether such designation can properly be removed to permit public filing of the document.  If the parties cannot agree, the parties shall comply with Rule 4.B. of Judge Hellerstein's Individual Rules with respect to filing materials under seal.  The required motion for permission to file materials under seal shall be filed by the Designating Party.  It shall not be a violation of this Order for Confidential Information to be disclosed as a

result of the Court's refusal to file it under seal.

14.     By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

15.     The provisions of this Stipulation shall not terminate at the conclusion of this action.  At the conclusion of the above-captioned action, including exhaustion of all appeals, the Receiving Party shall, at its cost, either destroy such Confidential Information or, if it chooses to maintain such information, the Receiving Party shall, at its cost, destroy such Confidential Information at the end of three years and six months following such conclusion of said action. However, the Producing Party may instead request the return of all of the Producing Party's documents which contain Confidential Information to the Producing Party, including all copies of such documents which may have been made, but not including any notes or other attorney work product.  Notwithstanding the foregoing, it shall not be a violation of this Order for a Party to continue to retain Confidential Information, the retention of which is required by law. Moreover, notwithstanding the foregoing, after the termination of this action, the parties may retain one complete copy of any record on appeal, including any Confidential Discovery Material contained therein.

16.     If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

## CLAWBACK STIPULATION AND ORDER

WHEREAS, the parties have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents, and other materials.

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein.

WHEREAS, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information), and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or informal production.

WHEREAS, both parties may be required to produce significant volumes of Documents (the "Disclosures").  The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order pursuant to Federal Rule of Evidence 502(d) and (e) to do so.

WHEREAS, this Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

a.      was not inadvertent by the Producing Party;

b.      that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

c.      that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

d.      that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to Federal Rule of Evidence 502, governing the return of inadvertently produced documents and data and affording them the protections of Federal Rule of Evidence 502(d) and (e), on the terms set forth herein.

Accordingly, the parties hereby STIPULATE, and the Court hereby ORDERS pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1.      This Confidentiality Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

2.      The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine (collectively, "Privileged Information"), to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

3.      The disclosure or production of any Document this action shall not result in the

waiver of any privilege, evidentiary protection, or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

4.    If a Receiving Party discovers that it is in receipt of a Document that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document in question, within thirty (30) days of such discovery.  Upon discovery by a Producing Party (whether by notice from the Receiving Party, or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within thirty (30) days of such discovery, request the return of such Privileged Information by sending a written notification to the receiving party, which shall identify the Document in question by Bates number or otherwise and the basis on which the privileged information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this Stipulation and Order, "discovery" shall mean that a party not only has access to the document in question, but that the party has reviewed the document sufficiently to appreciate that the document may be privileged.  Notice must either be in writing or given on the record during deposition in which the Privileged Information was marked as an exhibit by the court reporter.  Upon receipt of such notice, all original copies of the Privileged Information shall be returned to the producer or destroyed and all copies thereof shall be destroyed.

5.    If the recipient of a producer's notice of production of Privileged Information takes the position that the claim of privilege is not well founded, the recipient shall notify the producer in writing within fourteen (14) days.  If the parties disagree, the recipient of the purportedly privileged document(s) shall promptly move for an order compelling the production of such document(s).  Pending resolution of any such motion, the parties need not return or

destroy the document(s) at issue.  Regardless of whether a recipient has returned or destroyed all copies of Privileged Information, the Privileged Information shall not be used by the recipient in this Litigation or any other federal or state proceeding for any other purpose.

6.      To the extent that the Privileged Information has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Privileged Information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

7.      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

8.      Once executed by all parties, the Stipulation shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

9.      By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rule of Evidence 502 (d) and (e).

Date:   April 1, 2021

/s/ Catherine S. Dorvil (with permission)          /s/ Joseph J. Porcello
_____          _____
Catherine S. Dorvil, Esq.                          Joseph J. Porcello, Esq.
Kelly Blair Etchells, Esq.                          Bousquet Holstein, PLLC
Chambliss, Bahner & Stophel, P.C.                  110 West Fayette Street, Suite 1000
Liberty Tower                                      Syracuse, New York 13202
605 Chestnut Street, Suite 1700                    Tel: (315) 422-1500
Chattanooga, Tennessee 37450                       Email:  jporcello@bhlawpllc.com
Tel: (423) 757-0240
Email: cdorvil@chamblisslaw.com
        ketchells@chamblisslaw.com                 *Attorneys for FUJIFILM Medical Systems
                                                   U.S.A., Inc.*


Judith Lockhart, Esq.
Madelyn K. White, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Tel: (212) 732-3200
Email: lockhart@clm.com
        white@clm.com

*Attorneys for Radiology and Imaging Specialists
of Lakeland, P.A.*


**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

 /s/ Hon. Alvin K. Hellerstein
_____
**United States District Judge**

Dated this 2nd , day of ____April____, 2021

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**RADIOLOGY AND IMAGING SPECIALISTS**                    Case No.:     1:20-CV-04117
**OF LAKELAND, P.A.**,
                                                                                                    (AKH/SDA)
                                                 Plaintiff,

                 v.

**FUJIFILM MEDICAL SYSTEMS, U.S.A., INC.**,

                                                 Defendant.
_____

       It has been explained to me by _____ (Attorney) that I am being

shown materials that are subject to a confidentiality order in the above-captioned matter, and I

have reviewed the confidentiality order entered by the Court on _____, 2021.  The

attorney listed above has advised me that I am not permitted to make disclosure of such material

to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.


Dated: _____                    Signed:_____



Name: _____

5036141